Dear Honorable Davis,
The Attorney General has received your request for an official opinion asking, in effect:
 Under the Emergency Temporary Housing Assistance Program, authorized under the Federal Disaster Relief Act,42 U.S.C.A. 5174, presently being administered by the State of Oklahoma, is it required that rent assistance payments be made directly to the tenant, or can they be made to the landlord on behalf of the tenant?
The Federal Disaster Relief Act of 1974, 42 U.S.C.A. 5174, provides assistance to applicants who require temporary housing as a result of a major disaster or emergency declared by the President of the United States. As indicated by your request, 44 C.F.R. § 205.52(w) permits a state to request authority to administer all or part of temporary housing assistance.
To answer your question, we must examine 42 U.S.C.A. 5174(b). This subsection states:
 "The President is authorized to provide assistance on a temporary basis in the form of mortgage or rental payments to or on behalf of individuals and families
who, as a result of financial hardship caused by a major disaster, have received written notice of dispossession or eviction from a residence by reason of foreclosure of any mortgage or lien, cancellation of any contract of sale, or termination of any lease, entered into prior to such disaster. Such assistance shall be provided for a period of not to exceed one year or for the duration of the period of financial hardship, whichever is the lesser." (Emphasis added).
Also, 44 C.F.R. § 205.52(s) states in pertinent part:
 "Temporary assistance in the form of mortgage or rental payments may be paid to or be provided on behalf of applicants who, as a result of a major disaster, have received written notice of dispossession or eviction from their primary residency by foreclosure of any mortgage or lien, cancellation of any contract of sale, or termination of any lease, entered into prior to the disaster." (Emphasis added).
A rule of statutory construction is that the language of a statute controls when sufficiently clear in its context. Ernst Ernst v.Hochfelder, et al., 425 U.S. 185, 47 L.Ed.2d 668, 96 S.Ct. 1375 (1976),reh denied, 425 U.S. 986, 48 L.Ed.2d 811, 96 S.Ct. 2194 (1976).
Clearly, the language of the federal law does not indicate that payments will be limited to a particular individual or solely to the applicant. Nor do the rules and regulations adopted pursuant to this law limit or define the category of individuals authorized to accept the assistance "on behalf of the individuals or families."
It is, therefore, the official opinion of the Attorney Generalthat pursuant to 42 U.S.C.A. 5174(b), rent assistance may be madeeither to the tenant directly or to the landlord on behalf of thetenant.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
RICHARD MILDREN, ASSISTANT ATTORNEY GENERAL